IN THE MATTER OF MUDGE

Docket No. 57307. Submitted March 5, 1982, at Detroit.—Decided
    May 5, 1982. Leave to appeal applied for.

Thomas Mudge, Sr., was convicted of second-degree murder in the
    stabbing deaths of his wife and another person and was sen-
    tenced to 2 to 15 years in prison. The Department of Social
    Services filed a petition in Wayne Probate Court to terminate
    Mudge's parental rights to his two children, who were already
    temporary wards of the court as the result of the filing of an
    abuse-neglect petition against Mudge and his wife the year
    before. The probate court, Thomas A. Maher, J., ordered
    Mudge's parental rights terminated and placed the children in
    the permanent custody of the court. The Wayne Circuit Court,
    Maureen P. Reilly, J., affirmed. Mudge appeals by leave
    granted. *Held:*

    1. The probate court's finding that Mudge had been convicted
    of a felony of such a nature as to prove his parental unfitness
    was supported by clear and convincing evidence and is not
    clearly erroneous.

    2. Mudge was not denied his due process rights to fair notice
    on the ground that the original summons he was given did not
    mention the possibility of termination of parental rights. Defen-
    dant received sufficient notice of this possibility when DSS filed
    the petition for permanent custody.

    3. Assuming that the circuit court, in affirming the order of
    the probate court, improperly considered matters beyond the
    scope of the petition and substituted its own factual findings for
    those of the probate court, Mudge has not been prejudiced
    thereby.

    Affirmed.

PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — CON-
    VICTED MURDERER.

    A probate court did not err in finding that a man convicted of
    murdering his wife and another person had been convicted of a
    felony of a nature as to prove his unfitness to have future

REFERENCE FOR POINTS IN HEADNOTE
59 Am Jur 2d, Parent and Child §§ 9, 10, 40.

custody of his children or in terminating his parental rights based upon that finding (MCL 712A.19a; MSA 27.3178[598.19a]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Janis Meija* and *Bernard Rosner,* Assistants Attorney General, for the Department of Social Services.

*John R. Minock,* Chief Deputy Defender, for Shawn M. Mudge and Thomas Mudge, Jr.

*Gerald S. Surowiec,* for Thomas Mudge, Sr.

Before: R. M. MAHER, P.J., and BEASLEY and P. J. MARUTIAK,* JJ.

PER CURIAM. Respondent appeals by leave of this Court the decision of the Wayne County Circuit Court affirming an order by the Wayne County Probate Court terminating his parental rights and placing his children in the permanent custody of the court.

On October 10, 1975, the Department of Social Services (DSS) filed an abuse-neglect petition against respondent and his wife, Colleen. As a result, his two children—Shawn and Thomas, Jr., —were made temporary wards of the court. Several months later, the couple separated. Shortly after the separation, on May 8, 1976, respondent stormed into the house where his wife was staying and proceeded to stab her gentleman companion to death. He then left the house, but returned shortly thereafter to murder his wife.

A jury convicted respondent of second-degree murder, and he was sentenced to 2 to 15 years in prison. While respondent was imprisoned for this

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

offense, DSS filed a petition to terminate his parental rights. After several hearings, the probate court ordered the termination of respondent's parental rights. The circuit court affirmed, and respondent appeals.

The proper standard of review by this Court of cases involving the termination of parental rights is somewhat unclear. We need not decide whether the correct standard is *de novo,* see *Bahr v Bahr,* 60 Mich App 354, 360; 230 NW2d 430 (1975), or a "clearly erroneous" standard, see MCL 600.866(1); MSA 27A.866(1), since we reach the same decision under either standard.

Respondent's principal contention on appeal is that the state did not sustain its burden of proving by clear and convincing evidence that his parental rights should be terminated. Respondent's rights were terminated pursuant to MCL 712A.19a; MSA 27.3178(598.19a), which provides in pertinent part:

"Where a child remains in foster care in the temporary custody of the court following the initial hearing provided by section 19, the court may make a final determination and order placing the child in the permanent custody of the court, if it finds any of the following:

\* \* \*

"(d) A parent or guardian of the child is convicted of a felony of a nature as to prove the unfitness of the parent or guardian to have future custody of the child or if the parent or guardian is imprisoned for such a period that the child will be deprived of a normal home for a period of more than 2 years."

Although respondent eventually spent more than two years in prison, the probate court relied solely upon the first portion of subsection (d), finding that respondent had been convicted of a

felony of a nature as to prove his unfitness to have future custody of his children.

After consideration of the entire record, we cannot disagree with the probate court's finding that respondent had been convicted of such a felony. The probate court made, *inter alia,* the following factual findings:

"Following the removal of Shawn and Thomas, Jr., from the home, the Mudges, who had separated earlier, reconciled for a brief period and then separated again in May, 1976. On May 8, 1976, Thomas Mudge, Sr., the father, visited the home of his brother where his estranged wife was then living. Thomas Mudge, Sr., stabbed to death the male companion whom he found with his estranged wife. He then returned to the home and stabbed his wife to death. Shortly after this he visited the foster home where his children were residing and announced to the children that he had killed their mother and was proud of it. He threw one of the children into the swimming pool fully clothed."

Respondent submits that the types of felonies contemplated by subsection (d) are those that threaten or destroy the parent-child relationship, such as sexual abuse of a child by the parent, or criminal neglect through failure to provide medical attention for the child. Assuming *arguendo* the validity of this proposition, we find it difficult to imagine a felony more destructive of the parent-child relationship than the destruction of a parent. Through this single thoughtless and impulsive act, respondent has forever deprived his children of the love, companionship and guidance of their mother. The commission of such a crime typically demonstrates a callous disregard for the welfare of one's children. Rarely, if ever, would the murder of a parent fall outside the purview of subsection (d). Since we find no circumstances in the instant case

supporting the creation of an appropriate exception, we need not decide whether the commission of such a crime invariably shows unfitness to retain custody.

We hold that the probate court's finding that respondent had been convicted of a felony of such a nature as to prove his parental unfitness was supported by clear and convincing evidence and is not clearly erroneous. (As we have noted, we would reach the same result upon a *de novo* review.)

Respondent also contends that he was denied his due process rights to fair notice on the ground that the original summons he was given did not mention the possibility of termination of parental rights. We find no such denial of due process inasmuch as respondent received sufficient notice of this possibility when DSS filed the petition for permanent custody. Morover, respondent failed to raise this issue before the probate court.

Finally, respondent contends that the circuit court, in affirming the order of the probate court, improperly considered matters beyond the scope of the petition and substituted its own factual findings for those of the probate court. Even assuming this to be true, respondent has not been prejudiced thereby, since we have determined that the circuit court was correct in affirming the probate court's decision and since, in so doing, we have relied exclusively upon the probate court's findings.

Affirmed.