*In re* ARNTZ

Docket Nos. 62669, 62701. Submitted October 13, 1982, at Lansing.—
Decided May 5, 1983. Leave to appeal applied for.

Susan Rogers (Arntz) and Daryl Arntz were divorced by order of
the Clinton Circuit Court in 1976 and custody of their minor
daughter, Jackie, was granted to Susan Rogers. Another daugh-
ter, Liberty, was born to Susan Rogers on April 11, 1977, with
Daryl Arntz being presumed to be the natural father of the
child. Both children have lived with their paternal grandpar-
ents most of their lives. In 1979, Susan Rogers petitioned the
Clinton Probate Court to have the grandparents appointed
legal guardians of the girls. In 1981, Rogers filed another
petition with the apparent object of dissolving the guardianship
and getting the girls back. The court, Marvin E. Robertson, J.,
entered an order discharging the guardianship. The Clinton
County Department of Social Services filed a petition with the
probate court alleging that the children had been neglected and
requesting that the court take jurisdiction and terminate the
parents' parental rights. The probate court appointed a guard-
ian ad litem for the children and held several hearings on the
matter. As a result, the court found grounds for assuming
jurisdiction as the minor children had been deprived of emo-
tional well-being. The court, Marvin E. Robertson, J., entered
an order terminating the parental rights and making the
children permanent wards of the court. Susan Rogers filed an
appeal, which was consolidated with a separate appeal filed by
Daryl Arntz and his parents, Richard and Celia Arntz. *Held:*

1. The probate court properly assumed jurisdiction over the
minor children. Appellants' arguments to the contrary are
without merit.

2. Appellants were provided with adequate notice that the

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts § 104.

[2] 24 Am Jur 2d, Divorce and Separation § 809.

Necessity of notice of application for temporary custody of child. 31
ALR3d 1398.

probate court proceedings could result in a termination of parental rights.

3. Clear and convincing evidence justifying the termination of parental rights was presented.

4. The petition initiating the proceedings was legally sufficient, and appellants' argument that the probate court failed to specifically tailor its findings of fact in its opinion in order to fit within the language of the statutory provisions is without merit.

5. Appellants' contention that the probate court was without jurisdiction to conduct proceedings and to issue its order terminating parental rights due to the prior, continuing jurisdiction of the circuit court over Jackie Arntz as a result of the divorce judgment is without merit.

6. The order of temporary custody issued by the court on April 16, 1981, was not such a dispositional order as would require additional notice to the parties prior to any additional hearings.

Affirmed.

1. COURTS — PROBATE COURT — JURISDICTION — MINORS.

Probate court jurisdiction over children is not inherent; statutory requirements must be complied with (MCL 712A.2[b], subds [1] and [2]; MSA 27.3178[598.2][b], subds [1] and [2]).

2. PARENT AND CHILD — CHILD CUSTODY — TEMPORARY CUSTODY OF THE COURT — NOTICE.

A probate court's final dispositional order in a case involving custody of a minor should indicate whether the child is placed in the temporary or permanent custody of the court; if the child is placed in the temporary custody of the court by a final, dispositional order, no further order of disposition providing permanent custody may be made except at a hearing pursuant to fresh summons or notice or at a rehearing (MCL 712A.12, 712A.13, 712A.20; MSA 27.3178[598.12], 27.3178[598.13], 27.3178[598.20]).

*Jon Newman,* Prosecuting Attorney, and *Mary C. Pino,* Assistant Prosecuting Attorney, for plaintiff-appellee Clinton County Department of Social Services.

*Hubbard, Fox, Thomas, White & Bengtson, P.C.* (by *Michael G. Woodworth,* appellate guardian ad

litem), for appellees Jackie Sue Arntz and Liberty Lee Arntz.

*Philip J. Dwyer,* for appellants Arntz.

*Robert C. vonGruben,* for appellant Rogers.

Before: D. E. HOLBROOK, JR., P.J., and J. H. GILLIS and M. E. DODGE,* JJ.

PER CURIAM. This appeal stems from a probate court order terminating the parental rights of appellants Daryl Arntz and Susan Rogers over Jackie Arntz and Liberty Arntz, both minors. Appellants Daryl Arntz, Richard and Celia Arntz (paternal grandparents) and appellant Susan Rogers appeal as of right.

Jackie Arntz was born to Susan Rogers (Arntz) and Daryl Arntz on October 27, 1974. On June 4, 1976, a judgment of divorce was entered terminating the marriage of Susan Rogers (Arntz) and Daryl Arntz and awarding custody of Jackie to Susan Rogers. Liberty Arntz was born to Susan Rogers on April 11, 1977. Daryl Arntz was presumed to be the natural father of Liberty during the proceedings below.

Both minors have spent most of their lives with their paternal grandparents. In 1979, Susan Rogers petitioned the court to have the grandparents appointed legal guardians of the girls. It appears, however, that Susan Rogers filed a petition early in 1981 with the object of dissolving the guardianship and getting the girls back. This resulted in an order of the court discharging the guardianship. At this time, Darlene Engels, a Clinton County Department of Social Services caseworker, upon learning that Susan Rogers wanted said minors to

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

live with her, filed a petition on February 19, 1981, which generated the proceedings below. The petition alleged that Susan Rogers had neglected her children and requested the probate court to take jurisdiction and terminate parental rights.

Four separate hearings were held. A preliminary hearing was held on March 5, 1981, at which a guardian ad litem was appointed to represent the minor children. An adjudicative hearing was held on April 16, 1981, and the probate court found grounds for assuming jurisdiction as the minor children had been deprived of emotional well-being. Subsequently, two dispositional hearings were held, with numerous witnesses testifying. On February 11, 1982, the probate court entered an opinion and order terminating parental rights.

Further facts will be added where necessary in the discussion of the issues.

The first issue raised on appeal is whether the probate court properly assumed jurisdiction over the minor children. Probate court jurisdiction over children is not inherent—statutory requirements must be complied with. See MCL 712A.2(b), subds (1) and (2); MSA 27.3178(598.2)(b), subds (1) and (2). See also *In re Baby X,* 97 Mich App 111, 114; 293 NW2d 736 (1980), and JCR 1969, 8.1(a) and (b). We hold that the court properly assumed jurisdiction and that appellants' arguments to the contrary are without merit. The petition filed by Darlene Engels included an allegation that the children were "deprived of emotional well-being". In addition, Susan Rogers admitted that she had temporarily deprived her children of emotional well-being by failing to visit them frequently. Finally, Daryl Arntz was specifically asked whether he had any objections to the court's taking jurisdiction on the

grounds of "so-called neglect". Arntz replied that he did not. In substance, we find this to be an admission that the children did suffer emotional neglect. While the question herein may be close, we find that the overriding policy concern for the well-being of minor children militates in favor of jurisdiction attaching.

Second, appellants claim that they were not provided with adequate notice that the probate court proceedings could result in a termination of parental rights. See JCR 1969, 7.2(b)(4). We disagree. Our examination of the record reveals that the parties and their attorneys were all clearly aware at the outset of the proceedings of the possibility of such termination. Appellants point to a statement of the court made at the adjudicative hearing of April 16, 1981, and argue that this statement negated the notice previously given. We do not believe that said statement can be interpreted as foreclosing the possibility that a termination could result as the ultimate disposition of the case. The court merely states that such was not being considered at the time of the hearing but also informed the parties that further proceedings would ensue. Even if JCR 1969, 7.2(b)(4) were held to require fresh notice following said statement, we hold that such notice was given.

Third, respondents claim clear and convincing evidence justifying the termination of parental rights was not presented. We disagree. The proper standard of review is unclear. However, we would reach the same decision under either the *"de novo"* or "clearly erroneous" standard. See *In re Mudge,* 116 Mich App 159, 161; 321 NW2d 878 (1982). Our review of the record reveals that clear and convincing evidence sufficient to terminate the parental rights of both Daryl Arntz and Susan

Rogers was presented and that the minors would be better off as permanent wards of the court, and thus eligible for adoption, despite the good intentions and adequate care of the grandparents.

Fourth, appellants claim the petition initiating the proceedings was legally insufficient. The petition as amended set forth the object of the proceedings, termination of parental rights, and various theories ultimately relied on. We believe the petition adequately satisfied JCR 1969, 4.1; MCL 712A.1 *et seq.;* MSA 27.3178(598.1) *et seq.* We do not believe JCR 1969, 4.1 requires the petition to enumerate every theory or argument that might be employed by the state. Appellants' objection that the probate court failed to specifically tailor its findings of fact in the February 11, 1982, opinion in order to fit within the language of the statutory provisions is without merit. See *In re Sharpe,* 68 Mich App 619, 625; 243 NW2d 696 (1976).

Fifth, appellants claim the probate court was without jurisdiction to conduct proceedings and to issue its order terminating parental rights due to the prior, continuing jurisdiction of the circuit court over Jackie Arntz as a result of the divorce judgment previously noted. This claim is without merit. The controlling statute relevant to this issue is MCL 712A.2(b)(2); MSA 27.3178(598.2)(b)(2). The procedure mandated by the statutory provisions above was not followed in this case. The record is devoid of any indication that notice of the filing of this petition was served on the prosecuting attorney for Ingham County. However, an unsigned motion dated February 5, 1982, seeking waiver of jurisdiction over Jackie Arntz from Ingham County Circuit Judge Thomas L. Brown does appear in the record. Moreover, this motion is

referred to in the transcript of the final dispositional hearing. In addition, both the guardian ad litem and appellants indicate in their briefs that an order by the Ingham County Circuit Court waiving jurisdiction was granted, although no such signed order appears in the lower court record. We believe that the spirit, although not the letter, of this legislation was satisfied. See *Rozelle v Dora,* 103 Mich App 607, 611; 303 NW2d 43 (1981). We also note that the probate court did not receive any objections to this procedure as this issue is raised for the first time on appeal. For all these reasons we find no reversible error.

Finally, appellants claim the April 16, 1981, order terminated proceedings such that additional notice to the parties was required prior to any additional hearings. We disagree.

MCL 712A.20; MSA 27.3178(598.20) provides that an order for disposition should indicate whether the child is placed in the temporary or permanent custody of the court. The statute further states that if the child is placed in the temporary custody of the court, no further order of disposition providing permanent custody may be made except at a hearing pursuant to fresh summons or notice, MCL 712A.12-712A.13; MSA 27.3178(598.12-27.3178(598.13), or at a rehearing, MCL 712A.19; MSA 27.3178(598.19). Appellants argue that an April 16, 1981, order of the court. making the children temporary wards of the court was such a disposition, placing the child in temporary custody of the court under MCL 712A.20; MSA 27.3178(598.20). This being the case, appellants argue that the February 11, 1982, dispositional order was without force because of the court's failure to provide new notice or summons prior to that order.

We do not believe that the order of temporary custody issued on April 16, 1981, was such a dispositional order as would invoke the procedures of MCL 712A.20; MSA 27.3178(598.20). We believe that a distinction must be made where during the process of a continuous proceeding children are temporarily made wards of the court pending a final resolution of the proceeding. No matter how appellants may wish to characterize the proceedings below, it appears to us that they constituted one continuous proceeding from the filing of the petition to the granting of the requested relief in the February 11, 1982, dispositional order. Although the temporary wardship entered on April 16, 1981, was characterized as dispositional by the probate court, this was never intended to be the final disposition of the case. The proceedings below consisted of adjudicative dispositional phases. As of April 16, 1981, the dispositional hearings had not even been held. It is clear both from the statements of the probate court at the April 16, 1981, hearing and from the language used in the April 16, 1981, order making the children temporary wards of the court that further dispositional proceedings were contemplated. To hold that MCL 712A.20; MSA 27.3178(598.20) makes every temporary custody order a final case disposition, such that fresh summons or notice must issue prior to further disposition, would run contrary to the holding of this Court in *In re LaFlure,* 48 Mich App 377, 391; 210 NW2d 482 (1973). We conclude that no new notice or summons was required in the wake of the April 16, 1981, dispositional order.

Affirmed.