IN THE MATTER OF SCHEJBAL

Docket No. 67680. Submitted October 13, 1983, at Lansing.—Decided
    February 7, 1984.

The Saginaw Probate Court, Faye M. Harrison, J., entered an
    order terminating the parental rights of John Schejbal, Jr., and
    Jo Ellen Schejbal in their three daughters, Angela, Jennifer,
    and Sarah Schejbal. John Schjebal, Jr., appealed, alleging that
    the probate court erred in using an erroneous standard of the
    best interests of the children rather than by requiring clear
    and convincing evidence of his parental unfitness. *Held:*

The probate court order terminating parental rights should
    be affirmed. The best interests of the children are relevant in
    proceedings under the juvenile code after the statutory grounds
    justifying a permanent custody order have been established by
    clear and convincing evidence. The Court of Appeals reviews
    cases involving termination of parental rights *de novo.* The
    record here shows clear and convincing evidence of acts of
    neglect and abuse of his three children by the appellant. The
    probate court found that the parents were unable to provide a
    fit home for the children by reason of neglect and that after the
    children had been placed in foster care, they had been aban-
    doned.

Affirmed.

Danhof, C.J., concurred separately. He believed that the
    termination of parental rights was proper here but is uncon-
    vinced that review of parental termination matters by the
    Court of Appeals is *de novo.*

OPINION OF THE COURT

1. PARENT AND CHILD — CHILD CUSTODY — TERMINATION OF PAREN-
    TAL RIGHTS — BEST INTERESTS OF THE CHILD.
    The Child Custody Act, which seeks to resolve claims of compet-

REFERENCES FOR POINTS IN HEADNOTES

[1] 42 Am Jur 2d, Infants § 43.
    59 Am Jur 2d, Parent and Child § 32.
[2] 59 Am Jur 2d, Parent and Child §§ 25, 39, 43.
[3] 4 Am Jur 2d, Appeal and Error § 136.
    47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
    Children § 60.

ing parties to custody of a child according to the best interests of the child, is not applicable to proceedings in the juvenile division of the probate court; but, even in cases not falling within the Child Custody Act, the concept of the best interests of the child is the polar star for judicial guidance in cases involving children.

2. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS.

The standard to be applied by a probate court in proceedings to terminate parental rights pursuant to the juvenile code is whether the parents have been shown by clear and convincing evidence to be unfit and unable to become fit; after that standard has been met, the probate court should consider the best interests of the child in exercising its discretionary power.

3. PARENT AND CHILD — PROBATE COURTS — APPEAL — *De Novo* REVIEW.

The Court of Appeals reviews the proceedings of the juvenile division of the probate court *de novo;* in the course of that review, the Court of Appeals should not set aside the findings of the probate court unless they are clearly erroneous, giving recognition to the special opportunity of the probate court to judge the credibility of witnesses.

*Robert L. Kaczmarek,* Prosecuting Attorney, and *Kay F. Pearson,* Assistant Prosecuting Attorney, for petitioner.

*David F. Deming, Jr.,* for the minor children.

*Brady & Allen, P.C.* (by *William F. Allen),* and *Thomas J. Bleau,* of counsel, for respondent.

Before: DANHOF, P.J., and BRONSON and W. R. PETERSON,* JJ.

W. R. PETERSON, J. This is an appeal as of right from an order of the probate court terminating the parental rights of respondent-appellant. He contends that the probate court used an incorrect standard of proof and that the evidence was le-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

gally insufficient to sustain the findings of the probate court.

As to the first point, appellant argues that the probate judge erroneously terminated his rights based on a standard of the best interests of the children rather than by requiring clear and convincing evidence of his parental unfitness. The probate judge said:

"The court has found that the children are within the jurisdiction of the court and must now enter an order for disposition. The court must receive clear and convincing evidence in order to consider the recommended termination of parental rights (JCR 8.3[B]). The court's decision is to be guided by the best interests of the children."

We find that to be a most appropriate statement of the duty of the probate court in such cases.

It is true that the Child Custody Act,[1] which seeks to resolve claims of competing parties to custody of a child according to the best interests of the child, is not applicable to proceedings in the juvenile division of the probate court. *In re Maria S Weldon,* 397 Mich 225; 244 NW2d 827 (1976). But, even in cases not falling within the Child Custody Act, the concept of the best interests of the child has long been the polar star for judicial guidance in cases involving children. *Corrie v Corrie,* 42 Mich 509; 4 NW 213 (1880); *In re Ernst,* 373 Mich 337; 129 NW2d 430 (1964). As noted in *In the Matter of Baby Boy Barlow,* 404 Mich 216, 236; 273 NW2d 35 (1978), a case involving the Adoption Code:

"We find the factors comprising the best interests of the child contained in the Child Custody Act to be ones

[1] MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.*

which the Legislature, case law and common sense would indicate ought likewise to be relevant in cases arising under § 39(1) of the Adoption Code."

So, too, the best interests of the child are relevant in proceedings under the juvenile code. That is not to say that the probate court can take jurisdiction of a child for the child's best interests absent the statutory basis under MCL 712A.2; MSA 27.3178(598.2); *In the Matter of John C. Kurzawa, Jr,* 95 Mich App 346; 290 NW2d 431 (1980). Nor can the best interests of the child justify a termination of parental rights and a permanent custody order under § 19a, MCL 712A.19a; MSA 27.3178(598.19a), without clear and convincing proof of the statutory grounds therein, JCR 8.3(B); *In the Matter of LaFlure,* 48 Mich App 377; 210 NW2d 482 (1973); *In the Matter of Atkins,* 112 Mich App 528; 316 NW2d 477 (1982).

But once the statutory grounds justifying a permanent custody order have been established by clear and convincing evidence, the question remains as to whether such an order should enter and what disposition should be made as to the children. Entry of a permanent order is not mandatory. Section 19a says:

"the court *may* make a final determination and order placing the child in the permanent custody of the court, if it finds, etc. * * *." (Emphasis added.)

In the exercise of this discretionary power, and in making dispositional orders under § 20 of the juvenile code, MCL 712A.20; MSA 27.3178(598.20), the best interests of the child are to be considered by the probate court. *In re Franzel,* 24 Mich App 371; 180 NW2d 375 (1970); *In the Matter of Rebecca Oakes,* 53 Mich App 629; 220 NW2d 188 (1974); *In*

*the Matter of Sharpe,* 68 Mich App 619; 243 NW2d 696 (1976); *In the Matter of Baby X,* 97 Mich App 111; 293 NW2d 736 (1980). The opinion of the probate judge shows a clear understanding of these requirements.

That opinion reached an appropriate conclusion from the evidence. Our review is *de novo,* the proceedings of the juvenile division of the probate court representing an exercise of chancery power. *In re Maria S Weldon, supra.* In the course of that review, we do not set aside the findings of the trial judge unless they are clearly erroneous, giving recognition to the special opportunity of the trial court to judge the credibility of witnesses. GCR 1963, 517.1.[2]

A review of the evidence herein shows clear and convincing evidence of acts of neglect and abuse of his three children by appellant. The probate judge below found that the parents were unable to provide a fit home for the children by reason of neglect, MCL 712A.19a[e]; MSA 27.3178 (598.19a[e]), and that, after the children had been placed in foster care, they had been abandoned, MCL 712A.19a(b); MSA 27.3178(598.19a[b]).

Our review of the evidence convinces us that those findings are not clearly erroneous but are, rather, clearly correct. The order terminating parental rights, on those facts, is appropriate.

---

[2] Some recent decisions of this Court have assumed an inconsistency between *de novo* review and the "clearly erroneous" rule, and expressed doubt as to which should apply to review of orders terminating parental rights. See *In the Matter of Mudge,* 116 Mich App 159; 321 NW2d 878 (1982); *In re Bailey,* 125 Mich App 522; 336 NW2d 499 (1983); *In re Arntz,* 125 Mich App 634; 336 NW2d 848 (1983).

That they are not inconsistent, see *Papin v Demski,* 383 Mich 561; 177 NW2d 166 (1970); *United States v United States Gypsum Co,* 333 US 364, 395; 68 S Ct 525, 542; 92 L Ed 746 (1948), and 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 595-597.

Affirmed.

Bronson, J., concurred.

Danhof, C.J. *(concurring)*. I agree with the majority's affirmance of the termination of the parental rights of the respondents in this case. I write separately because I am as yet unconvinced that our review is *de novo* in parental termination matters. I find this issue unnecessary to the decision in this case, however, since I believe the termination of parental rights is properly affirmed under either standard.