IN THE MATTER OF IRVING

Docket No. 69819. Submitted February 16, 1984, at Lansing.—Decided May 15, 1984.

The Wayne County Probate Court, Y. Gladys Barsamian, J., entered an order terminating the parental rights of Barbara Irving in her minor child, Charnell Irving. Barbara Irving's petition for rehearing was denied, Ernest C. Boehm, J., and she appeals. *Held:*

1. The standard of review to be applied in an appeal from a termination of parental rights is that of "clearly erroneous". The statutes governing appeals from the probate court preclude the application of *de novo* review.

2. The state sustained its burden of proving by clear and convincing evidence that respondent Barbara Irving's parental rights should be terminated.

Affirmed.

1. Appeal — Termination of Parental Rights — Standard of Review.

The Court of Appeals is to apply a "clearly erroneous" standard of review in an appeal from a probate court's order terminating parental rights; review of such an order is not *de novo* (MCL 600.866; MSA 27A.866).

2. Courts — Probate Courts.

The probate court is a statutory court, having only those powers granted it by the Legislature (MCL 600.841; MSA 27A.841).

*John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Olga Agnello-Raspa,* Assistant Prosecuting Attorney, for petitioner.

*Neil A. McQuarrie,* for respondent.

References for Points in Headnotes
[1] 4 Am Jur 2d, Appeal and Error § 136.
[2] 20 Am Jur 2d, Courts § 32.

*Thomas M. Harp,* for Charnell Irving.

Before: Danhof, C.J., and Hood and Shepherd, JJ.

Per Curiam. Respondent appeals as of right the probate court's order terminating her parental rights in the child Charnell Irving pursuant to the following subsection of MCL 712A.19a; MSA 27.3178(598.19a):

"Where a child remains in foster care in the temporary custody of the court following the initial hearing provided by section 19, the court may make a final determination and order placing the child in the permanent custody of the court, if it finds any of the following:

\* \* \*

"(d) A parent or guardian of the child is convicted of a felony of a nature as to prove the unfitness of the parent or guardian to have future custody of the child or if the parent or guardian is imprisoned for such a period that the child will be deprived of a normal home for a period of more than 2 years.

"(e) The parent or guardian is unable to provide a fit home for the child by reason of neglect.

"(f) The child has been in foster care in the temporary custody of the court on the basis of a neglect petition for a period of at least 2 years and upon rehearing the parents fail to establish a reasonable probability that they will be able to reestablish a proper home for the child within the following 12 months."

Although various panels of this Court have stated that the proper standard of review in parental rights termination cases is unclear, see *In the Matter of Mudge,* 116 Mich App 159; 321 NW2d 878 (1982); *In the Matter of Bailey,* 125 Mich App 522; 336 NW2d 499 (1983), we believe that a "clearly erroneous" standard of review must be

applied. MCL 600.861; MSA 27A.861 and MCL 600.863; MSA 27A.863 govern appeals from the probate court to the Court of Appeals and circuit court, respectively. MCL 600.866; MSA 27A.866 states that:

"All appeals from the probate court shall be on a written transcript of the record made in the probate court or on a record settled and agreed to by the parties and approved by the court. An appeal shall not be tried de novo."

All three of these sections were added by 1978 PA 543, although § 861 was later amended by 1982 PA 318. We believe that the clear import of this statutory framework is to preclude a *de novo* standard of review of parental termination cases in this Court.

In addition, we note that *Mudge, supra,* the first case to recognize a lack of clarity in the standard of review in termination cases, cites *Bahr v Bahr,* 60 Mich App 354, 360; 230 NW2d 430, *lv den* 394 Mich 794 (1975), for the proposition that review may be *de novo. Bahr,* however, is a child custody case. *De novo* review has long been applied to child custody determinations, since such cases were originally heard in the chancery division of the court. See *Vines v Vines,* 344 Mich 222; 73 NW2d 913 (1955). The probate court, however, is a statutory court, *In re Cook Estate,* 366 Mich 323; 115 NW2d 98 (1962), having only those powers granted it by the Legislature. See MCL 600.841; MSA 27A.841. We accordingly find no justification for the application of a *de novo* standard of review in parental rights termination appeals.

We find that the state sustained its burden of proving by clear and convincing evidence that

respondent's parental rights should be terminated. The child had been in the temporary custody of the court for a period of six years. Testimony from respondent's Catholic Social Services worker and a psychologist who interviewed respondent three times over a period of years established that respondent would not be capable of providing a proper home for the child within the following 12 months. Respondent had recently been convicted of arson in the burning of the house in which she and her other children lived. In light of the testimony presented in the entire record as to the above facts and respondent's inability to overcome her lack of initial bonding with Charnell, we find the evidence presented by the state to be clear and convincing in favor of termination of respondent's parental rights.

Affirmed.