## IN THE MATTER OF HARMON

Docket No. 75809. Submitted November 15, 1984, at Grand Rapids.— Decided February 4, 1985.

Christian and Stacy Harmon, minor children of the marriage of Roy and Robin Harmon, were made temporary wards of the Ionia Probate Court on May 12, 1981, pursuant to a petition by the Ionia County Department of Social Services which alleged parental neglect caused by the fact that both parents were experiencing emotional problems. The parents admitted to the allegations in the petition and the probate court, Gerald J. Supina, J., placed the children in temporary foster care. In October, 1983, the guardian ad litem of the children petitioned the probate court to terminate the parental rights of both parents, who by that time had been divorced and had each remarried. Following an evidentiary hearing, the probate court terminated the parental rights on the basis of neglect. Roy Harmon appealed. *Held:*

1. The original petition alleged facts sufficient to justify the probate court in taking jurisdiction over the matter.

2. Whether reviewed *de novo* or reviewed under the "clearly erroneous" standard, the probate court's determination of present neglect and reasonable possibility of future neglect was fully supported by the evidence, and the termination of parental rights was proper.

Affirmed.

1. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — EVIDENCE — BURDEN OF PROOF.

Termination of parental rights for parental neglect is proper only where the party petitioning for termination of parental rights, by clear and convincing evidence, has sustained its burden of proof that termination of parental rights is warranted because the parents are unfit and are unable to become fit within a

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 59 Am Jur 2d, Parent and Child § 39.
Validity of state statute providing for termination of parental rights. 22 ALR4th 774.
[2] 4 Am Jur 2d, Appeal and Error § 179.

reasonable period of time (MCL 712A.19a; MSA 27.3178[598.19a]; JCR 1969, 8.3[b]).

2. Parent and Child — Termination of Parental Rights — Appeal.

The proper method of appellate review of cases involving termination of parental rights is unclear, there being a split of authority as to whether the proper method of review is *de novo* review or review under the "clearly erroneous" standard; in most instances it does not matter whether appellate review is *de novo* review or review under the clearly erroneous standard, since either method of review involves the same considerations and will result in the same conclusion.

*Price & Palmer* (by *Richard D. Palmer,* guardian ad litem).

*Daniel K. Templin,* for Roy Harmon.

Before: MacKenzie, P.J., and V. J. Brennan and R. E. Robinson,* JJ.

V. J. Brennan, J. Respondent, Roy Harmon, appeals as of right from the December 13, 1983, order of the Ionia County Probate Court, Juvenile Division, which terminated his parental rights as to his minor children, Christian Harmon, born July 19, 1975, and Stacy Harmon, born September 9, 1977. MCL 712A.19a; MSA 27.3178(598.19a).

We find no merit in respondent's first claim that the trial court failed to gain jurisdiction over the instant neglect case. A probate court may assume temporary jurisdiction over any child under age 17, pursuant to MCL 712A.2(b)(1); MSA 27.3178(598.2)(b)(1):

"Whose parent or other person legally responsible for the care and maintenance of such child, when able to do so, neglects or refuses to provide proper or necessary

* Former circuit judge, sitting on the Court of Appeals by assignment.

support, education as required by law, medical, surgical or other care necessary for his health, morals, or who is deprived of emotional well-being, or who is abondoned by his parents, guardian or other custodian, or who is otherwise without proper custody or guardianship."

MCL 712A.11; MSA 27.3178(598.11) requires that a petition to invoke the court's jurisdiction "set forth plainly the facts which bring said child within the provisions of this chapter".

The original petition seeking to have the children made temporary wards of the court was not insufficient on its face. Sufficient allegations were present in that petition for jurisdiction to attach in the probate court. There was no erroneous exercise of jurisdiction on the part of the trial court.

Respondent's next claim is that the petitioner did not prove by clear and convincing evidence that respondent was unfit and unable to become fit within a reasonable time. Respondent also argues that the trial court erred in denying his motion for a directed verdict at the close of petitioner's proofs at the dispositional hearing.

At a dispositional hearing, a probate court may apprise itself of all relevant circumstances and, in its discretion, may admit evidence of such circumstances or may consult the records of the original and all subsequent hearings on the custody of the child. *In the Matter of LaFlure,* 48 Mich App 377; 210 NW2d 482 (1973), *lv den* 390 Mich 814 (1973). The party petitioning for termination of parental rights bears the burden of proving by clear and convincing evidence that termination of parental rights is warranted. *Id.* See also JCR 1969, 8.3(b). Thus, it must be shown by clear and convincing evidence that the parents are unfit and unable to become fit within a reasonable period of time. *In*

*the Matter of Adkins,* 112 Mich App 528, 541; 316 NW2d 477 (1982), *lv den* 413 Mich 912 (1982).

The proper method of appellate review of cases involving termination of parental rights is unclear. *In the Matter of Mudge,* 116 Mich App 159; 321 NW2d 878 (1981). One panel of this Court has applied the "clearly erroneous" standard, finding that a *de novo* review is precluded. *In the Matter of Irving,* 134 Mich App 678, 680; 352 NW2d 295 (1984). Conversely, the majority deciding *In the Matter of Schejbal,* 131 Mich App 833, 837; 346 NW2d 597 (1984), applied a *de novo* review, and stated: "In the course of that review, we do not set aside the findings of the trial judge unless clearly erroneous * * *". The *Schejbal* Court explained that there is no inconsistency between the *de novo* review and review under the "clearly erroneous" rule. 131 Mich App 837, fn 2. Other panels have not decided which standard is correct—*de novo* or "clearly erroneous"—but have reached the same decision under both. See, *In the Matter of Bailey,* 125 Mich App 522, 527; 336 NW2d 449 (1983); *In re Arntz,* 125 Mich App 634, 638; 336 NW2d 848 (1983), *remanded on other grounds* 417 Mich 1070 (1983); *In the Matter of Mudge, supra.* We also need not determine today which method of review is correct, because under either we reach the same result. In light of this uncertainty as to the proper method of review, we point out that review under either method is complete, since the pertinent questions to be covered are addressed during review by either method; in other words, either method is an appropriate means of review.

"[T]he entry of an order for permanent custody due to neglect must be based on testimony of such a nature as to establish or seriously threaten neglect of the child for the long-run future." *Fritts v Krugh,* 354 Mich 97, 114; 92 NW2d 604 (1958).

Furthermore, "[t]here must be real evidence of long-term neglect, or serious threats to the future welfare of the child, to overthrow permanently the natural and legal rights of parents". 354 Mich 116.

We find, whether proceeding with review under the "clearly erroneous" standard or by *de novo* review, that, after a review of the testimony and the psychological reports, the petitioner presented clear and convincing evidence to establish that respondent was unfit and unable to become a fit parent within a reasonable time. Furthermore, looking at the evidence in a light most favorable to the petitioner, it is also our opinion that there was sufficient clear and convincing evidence presented to establish that there existed a serious threat to the future welfare of both of the children, the respondent would be unable to provide for the future emotional and physical well being of the children and that the neglect would continue to the long-run future. Sufficient evidence was presented of serious long-term neglect and respondent's inability to establish a suitable home for the children. The trial court did not err in denying respondent's motion for a directed verdict. Furthermore, our review reveals that the probate court did not improperly shift the burden of proof to respondent. The trial court's opinion was very thorough.

Respondent's other claim of error is without merit. Reasonable efforts were made to return the minor children to respondent's home.

Affirmed. We retain no further jurisdiction.