## IN THE MATTER OF SLIS

Docket No. 75198. Submitted April 9, 1985, at Detroit.—Decided August 6, 1985.

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Courts § 87 *et seq.*
Am Jur 2d, Constitutional Law § 853.
See the annotations in the ALR3d/4th Quick Index under the topic Jurisdiction.

[2] Am Jur 2d, Process § 161.
What amounts to an "appearance" under Rule 55(b)(2) of the Federal Rules of Civil Procedure, providing that if the party against whom a judgment by default is sought has "appeared" in the action, he shall be served with a written notice of the application for judgment. 27 ALR Fed 260.

[3] Am Jur 2d, Infants § 29.
See the annotations in the ALR3d/4th Quick Index under the topic Custody and Support of Children.

[4-6] Am Jur 2d, Parent and Child § 5.
Validity of state statute providing for termination of parental rights. 22 ALR4th 774.

[5] Am Jur 2d, Infants §§ 43, 56.

[6] Am Jur 2d, Infants §§ 16, 17.
Power of court or other public agency to order medical treatment over parental religious objections for child whose life is not immediately in danger. 52 ALR3d 1118.
Liability of parent for injury for unemancipated child caused by parent's negligence—modern cases. 6 ALR4th 1066.
See the annotations in the ALR3d/4th Quick Index under the topic Parent and Child.

[7] Am Jur 2d, Infants §§ 28-57.
Am Jur 2d, Parent and Child § 25.
Right of parent to regain custody of child after temporary conditional relinquishment of custody. 35 ALR4th 61.

[8, 10] Am Jur 2d, Infants § 55.
Am Jur 2d, Parent and Child § 39.
Parent's involuntary confinement, or failure to care for child as a result thereof, as evincing neglect, unfitness, or the like in dependency or divestiture proceedings. 79 ALR3d 417.

[9] Am Jur 2d, Parent and Child § 26.

[11] Am Jur 2d, Appeal and Error §§ 776-819.
See the annotations in the ALR3d/4th Quick Index under the topic Appeal and Error § 5.

The Department of Social Services petitioned the Wayne Probate Court to terminate the parental rights of Judy Slis as to Marie Elizabeth Slis, her daughter, on grounds of neglect. The court, Y. Gladys Barsamian, J., entered an order terminating Slis's parental rights. Slis appealed. *Held:*

1. Slis received proper notice of the termination hearing.

2. The probate court did not err in considering the best interests of the child when deciding to terminate Slis's parental rights. The court considered the best interests of the child only after making findings of fact using the clear and convincing standard about the mother's neglect.

3. The state sustained its burden of proving by clear and convincing evidence that termination of Slis's parental rights was warranted.

4. The fact that the termination order erroneously includes as one basis for termination of the mother's rights reliance on an inapplicable statute does not require reversal. The evidence overwhelmingly supported termination of the mother's rights based on neglect.

5. Slis's argument that the probate court cannot terminate her parental rights because Marie was placed under temporary custody of the juvenile court for only ten months prior to the first finding of permanent custody is without merit.

Affirmed.

1. COURTS — JURISDICTION — NOTICE — DUE PROCESS.

Due process requires that there be jurisdiction over the defendant and the subject matter of the litigation and that the defendant be afforded notice of the nature of the proceedings and an opportunity to be heard.

2. PROCESS — SERVICE OF PROCESS — GENERAL APPEARANCE — WAIVER.

A party who enters a general appearance and contests a cause on its merits submits to the jurisdiction of the court and waives all service of process objections.

3. INFANTS — PROBATE COURT — AMENDMENT OF PETITIONS.

A petition urging the probate court to take custody of a juvenile may be amended at any stage of the proceedings as the ends of justice may require (MCL 712A.11; MSA 27.3178[598.12]).

4. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — BEST INTERESTS OF CHILD — BURDEN OF PROOF.

The best interests of the child, while relevant in proceedings under the juvenile code, may not justify termination of paren-

tal rights without clear and convincing proof of the statutory grounds for the custody order; once clear and convincing evidence has established the statutory grounds justifying a permanent custody order, the court may consider the best interests of the child.

5. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — APPEAL.

A probate judge's findings in proceedings to terminate parental rights must be reviewed under the clearly erroneous standard unless *de novo* review is required by statute.

6. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — EVIDENCE — BURDEN OF PROOF.

Termination of parental rights for parental neglect is proper only where the party petitioning for termination of parental rights, by clear and convincing evidence, has sustained its burden of proof that termination of parental rights is warranted because the parents are unfit and are unable to become fit within a reasonable period of time (MCL 712A.19a; MSA 27.317[598.19a]; JCR 1969, 8.3[b]).

7. INFANTS — PROBATE COURT — TEMPORARY CUSTODY — REVIEW.

A statutory hearing to review the custody of a child who has been placed in the temporary custody of a probate court is held to determine whether the parent has managed to reestablish a fit home or is likely to do so in the future; all circumstances which prompted placing the child in temporary custody of the court should be considered at the hearing (MCL 712A.19; MSA 27.3178[598.19]).

8. INFANTS — PROBATE COURT — PERMANENT CUSTODY — NEGLECT.

The entry of an order by the probate court for permanent custody of a child due to neglect must be based upon testimony of such a nature as to establish or seriously threaten neglect of the child for the long-run future.

9. PARENT AND CHILD — FITNESS OF PARENTS — STATUTORY STANDARDS.

The fitness of the natural parents as parents and the question of their neglect of their children must be measured by statutory standards without reference to any particular alternative home which may be offered the children.

10. PARENT AND CHILD — DEPENDENT CHILDREN — NEGLECT.

   There must be real evidence of long-time neglect, or serious threats to the future welfare of the child, to overthrow permanently, as distinguished from temporarily, the natural and legal right of parents of the custody and nurture of their own children, such rights not being subject to termination as a result of a brief marital dispute or even by a temporary period of desertion by one of the parents.

11. APPEAL — HARMLESS ERROR.

   The Court of Appeals will not reverse a lower court decision reaching a right result for a wrong reason.

*John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Olga Agnello-Raspa,* Assistant Prosecuting Attorney, for Department of Social Services.

Juvenile Defender Office (by *William E. Ladd),* for Marie E. Slis, Appellee.

*Robert T. Kinzer,* for respondent.

Before: HOOD, P.J., and V. J. BRENNAN and R. M. MAHER, JJ.

PER CURIAM. Respondent, Judy Slis, is appealing as of right from an October 24, 1983, order entered by Judge Y. Gladys Barsamian, Wayne County Probate Court, Juvenile Division, which terminated respondent's parental rights as to her minor daughter, Marie Elizabeth Slis, MCL 712A.19a(c), (e) and (f); MSA 27.3178(598.19a)(c), (e) and (f).

Respondent's first claim is that the petition did not provide her with proper notice of the termination hearing.

The petition in question is dated May 18, 1983, and it is captioned "Petition for Rehearing". Although the petition fails to specifically name the mother (respondent), she is also referred to as the mother of two other named children. It refers to

her as the mother of Marie Elizabeth Slis in ten counts substantiating neglect. Respondent now claims that she was not properly provided with notice of the hearing.

The first hearing date on the petition was June 17, 1983. Respondent was present at the hearing and she informed the prosecuting attorney that she had talked to her attorney, Mr. Homeier, and that he had told her the date and the time of the hearing. Mr. Homeier, however, had failed to appear the first morning of the hearing and the trial judge decided not to proceed without him.

The prosecuting attorney stated that he presumed respondent had a copy of the May 18, 1983, petition because she had received a letter from her attorney. He wanted to be certain she had a copy of the petition. Later, he stated that he understood she had not been served and that she had signed a waiver of notice. The prosecuting attorney also asked if a waiver of service would be possible for the next hearing.

Judge Barsamian indicated that Mrs. Slis was being advised in court that the next hearing would be on June 21 and that such was adequate notice.

Respondent stated on the record that she did not receive a copy of the petition. The prosecuting attorney served her with a copy of the May 18, 1983, petition on the record in court. The trial judge noted that no subpoena or summons had ever been requested for respondent and that it would be appropriate to get a waiver of service from her. Respondent signed the waiver of service in court. The court indicated that what happened was that everyone assumed respondent wanted to be in court since it was at her action that the matter came back. Finally, the prosecutor noted that the petition did not contain Mrs. Slis's name.

The court amended the petition to contain her name in paragraph M.

Respondent is correct that she is entitled to notice of the charges against her. See MCL 712A.11; MSA 27.3178(598.11); MCL 712A.12; MSA 27.3178(598.12); and MCL 712A.13; MSA 27.3178(598.13); JCR 1969, 4.1 and 7.2.[1] These notice requirements are mandated by due process.

The mother's voluntary appearance in court and the signature in the waiver satisfied the notice requirement under the statute and the court rule. See MCL 712A.12, *supra;* JCR 1969, 7.2(D).[2] According to MCL 712A.12, any party who voluntarily appears in the proceedings may, by writing, waive service of process or notice of hearing.

We believe that the requirements of due process were met by the procedure followed herein. Due process requires that there be jurisdiction over the defendant and the subject matter of the litigation and that defendant be afforded notice of the nature of the proceedings and an opportunity to be heard. *Krueger v Williams,* 410 Mich 144, 157-159; 300 NW2d 910 (1981), *app dis* 452 US 956; 101 S Ct 3102; 69 L Ed 2d 967 (1981). A party who enters a general appearance and contests a cause of action on the merits submits to the jurisdiction of the court and waives service of process objections. See *Cross v Dep't of Corrections,* 103 Mich App 409, 413; 303 NW2d 218 (1981), *lv den* 411 Mich 1063 (1981), citing *Wright v Estate of Treichel,* 36 Mich App 33, 38; 193 NW2d 394 (1971). When respondent appeared and signed a waiver of service form, four days before the trial actually commenced on June 21, 1983, the juvenile code's juris-

---

[1] JCR 1969, 4.1 has been superseded by MCR 5.904(A) and JCR 1969, 7.2 has been superseded by MCR 5.907(B).

[2] JCR 1969, 7.2(D) has been superseded by MCR 5.907(B).

dictional requirements were satisfied. See MCL 712A.12, *supra,* and MCL 712A.13, *supra.*

Finally, respondent was not surprised by her involvement with the court in the instant trial. She had previously been involved in a termination of parental rights case against her, which she had successfully appealed. She may not reasonably argue that she was unaware of any of the allegations against her.

The petition of May 18, 1983, while it did not include respondent's name and did not cite the specific statutory bases for the prayer for permanent custody, did not violate respondent's right to due process. The petition was amended on the record to contain her name. Amendment of the petition may be made at any stage of the proceedings as the ends of justice may require. See MCL 712A.11. While the specific statutory bases were not cited, the petition was for neglect. It listed with specificity all the allegations of neglect against respondent. These defects, in our opinion, were technical and they did not erode the fact of the actual notice.

Respondent's next claim is that the trial court committed error in considering the best interests of the child when deciding to terminate parental rights.

Recently, this Court considered the argument of whether a probate judge erroneously terminated a parent's rights based on the best interests of the child standard, rather than by requiring clear and convincing evidence of parental unfitness. In *In the Matter of Schejbal,* 131 Mich App 833, 835; 346 NW2d 597 (1984), this Court opined that the best interests of the child are relevant in proceedings under the juvenile code. *Id.,* 836. However, the best interests of the child may not justify termination of parental rights without clear and

convincing proof of the statutory grounds for the custody order. See also *In the Matter of Kenyetta Brown,* 139 Mich App 17; 360 NW2d 327 (1984); JCR 1969, 8.3(B); *In the Matter of LaFlure,* 48 Mich App 377; 210 NW2d 482 (1973), *lv den* 390 Mich 814 (1973); *In the Matter of Atkins,* 112 Mich App 528; 316 NW2d 477 (1982), *lv den* 413 Mich 912 (1982). Once clear and convincing evidence has established the statutory grounds justifying a permanent custody order, the court may consider the best interests of the child. *Schejbal, supra,* 836; *Brown, supra,* 20.

Any consideration of the best interests of the child does not require reversal by this Court because the trial judge based her determination on clear and convincing evidence of neglect. She made extremely detailed findings of fact and conclusions of law. The court summarized the family's entire involvement with community service agencies and detailed the mother's failed attempts to send her children to school, to adequately clean her house, and to care for her children. The court terminated the mother's rights, finding there was no likelihood that in the next 24 months or 48 months there would be a change in the mother's situation. Judge Barsamian considered the best interests of the child only after making her findings of fact using the clear and convincing standard about the mother's neglect.

Any reference made by the trial court as to the best interests of the child in this case was entirely proper.

The respondent also claims that the state did not sustain its burden of proving by clear and convincing evidence that termination of her parental rights was warranted.

The Supreme Court recently clarified the standards of appellate review in a parental rights

termination case. *In re Cornet,* 422 Mich 274; 373 NW2d 536 (1985), provides for review under the clearly erroneous standard.[3]

In *In the Matter of Harmon,* 140 Mich App 479, 481-482; 364 NW2d 354 (1985), the court explained what the probate court may look at when determining whether to terminate parental rights:

---

[3] When the parties received our original opinion, that opinion pointed out that there was a split in the Court of Appeals involving the standard of review of parental rights termination cases. Some panels followed the *de novo* standard, while others used the *clearly erroneous* standard. See *In the Matter of Harmon, supra.* Prior to the publication of the instant opinion in the bound volume, but after it was released in a slip opinion to the parties involved in this appeal, the Michigan Supreme Court released *In re Coronet,* which resolved the split.

"At a dispositional hearing, a probate court may apprise itself of all relevant circumstances and, in its discretion, may admit evidence of such circumstances or may consult the records of the original and all subsequent hearings on the custody of the child. *In the Matter of LaFlure,* 48 Mich App 377; 210 NW2d 482 (1973), *lv den* 390 Mich 814 (1973). The party petitioning for termination of parental rights bears the burden of proving by clear and convincing evidence that termination of parental rights is warranted. *Id.* See also JCR 1969, 8.3(b) *[sic].* Thus, it must be shown by clear and convincing evidence that the parents are unfit and uable to become fit within a reasonable period of time. *In the Matter of Adkins [sic],* 112 Mich App 528, 541; 316 NW2d 477 (1982), *lv den* 413 Mich 912 (1982)."

The statutory hearing is held to determine whether the parent has managed to "reestablish" a fit home or is likely to do so in the future. *LaFlure, supra,* p 390. All circumstances which prompted placing the child in temporary custody of the court should be considered. *Id.,* 390.

In *Fritts v Krugh,* 354 Mich 97, 113; 92 NW2d 604 (1958), the Court fashioned guidelines for determination of whether a permanent custody order should issue. A permanent custody order "must be based upon testimony of such a nature as to establish or seriously threaten neglect of the child for the long-run future". 354 Mich 114. The advantages of a foster home should not be weighed against the home of the natural, legal parents. *Id.,* 115. The rights of the natural parents should not be terminated because of a short marital dispute or because of a temporary period of desertion by one of the parents. *Id.,* 116. "There must be real evidence of long-time neglect, or serious threats to the future welfare of the child, to overthrow permanently the natural and legal right of parents." 354 Mich 116.

Defendant's parental rights were terminated under MCL 712A.19a(e) and (f), which provide:

"Sec. 19a. Where a child remains in foster care in the temporary custody of the court following the initial hearing provided by section 19, the court may make a final determination and order placing the child in the permanent custody of the court, if it finds any of the following:

\* \* \*

"(e) The parent or guardian is unable to provide a fit home for the child by reason of neglect.

"(f) The child has been in foster care in the temporary custody of the court on the basis of a neglect petition for a period of at least 2 years and upon rehearing the parents fail to establish a reasonable probability that they will be able to reestablish a proper home for the child within the following 12 months."

The trial court's findings were not clearly erroneous. Our review leads us to conclude, as did the trial court, that the state presented clear and convincing evidence to establish that respondent was unfit and unable to become fit within a reasonable time. The evidence was sufficient, indeed, to support a determination of neglect.

Respondent's next claim is that the trial judge's order erroneously cites MCL 712A.19a(c) as one of the bases of termination of the mother's rights. MCL 712A.19a(c) provides:

"(c) A parent or guardian of the child is unable to provide proper care and custody for a period in excess of 2 years because of a mental deficiency or mental illness, without a reasonable expectation that the parent will be able to assume care and custody of the child within a reasonable length of time considering the age of the child."

We beleive that the recitation of subsection (c) as one of the bases for termination does not require reversal. Petitioner admits that there was no basis on the record for such a finding, because the petition of May 18, 1983, did not mention mental deficiency or illness of the mother. No direct evidence was presented on the issue, petitioner says, and neither the petitioner nor counsel for the child argued such as a basis for terminating parental rights. In the court's findings of fact, no mention of the mother's mental disability was made to support the finding of termination, petitioner argues.

While we agree with petitioner that the petition does not refer to subsection (c) as one of the grounds for terminating the mother's rights and that it makes no mention of mental deficiency or illness of the mother, such a finding could have been based on Dr. Shorenstein's testimony that Mrs. Slis suffered from a "dependent personality" which made it impossible for her to adequately care for a child. He told the court that she has an "attachment disorder" which renders her unable to bond with her child. He believed that her focus in life is the gratification of her own needs and that this would render her inadequate in caring for Marie.

We note first that the evidence overwhelmingly supported termination of the mother's rights based upon neglect. The court's recitation of subsection (c) was harmless error. This Court will not reverse where the lower court reaches the right result for the wrong reason. See *In the Matter of Bailey,* 125 Mich App 522, 529; 336 NW2d 499 (1983). Reversal is not required, regardless of whether we consider Dr. Shorenstein's testimony as probative of the mother's mental deficiency or whether it is considered as probative of her continuing neglect.

Finally, respondent states that the child was placed under temporary custody of the juvenile court for only ten months prior to the first finding of permanent custody in December of 1980. This, however, does not foreclose a finding of permanent custody.

Judge Barsamian found that Marie first became a ward of the court in 1974, but was allowed to remain in her mother's home under the supervision of the DSS. In 1975, Marie was removed from her mother's home and placed in foster care. In December, 1975, she was returned to her mother. Again, in February, 1980, Marie was removed from her mother's home due to neglect. The court ordered in December, 1980, that the parental rights to Marie be permanently terminated, but the order was set aside and a new hearing ordered by Judge William Leo Cahalan on November 29, 1982. The DSS then filed a petition requesting permanent custody of Marie and Judge Barsamian granted the petition in the instant case.

Respondent claims that the probate court's jurisdiction is limited by MCL 712A.19a(f). However, respondent's interpretation is erroneous. Subsection (f) does require that the child be in temporary custody for two years before permanent custody may be taken if the foster care is the only grounds for termination. Respondent ignores the other clearly listed grounds of (a) through (e). Respondent's argument is without merit.

Affirmed. We retain no further jurisdiction.