422 Mich. 274 (1985)
373 N.W.2d 536
In re CORNET
BETHANY CHRISTIAN SERVICES
v.
CORNET
Docket No. 75881.
Supreme Court of Michigan.
Decided August 26, 1985.
David H. Sawyer, Prosecuting Attorney, and David R. Gersch, Assistant Prosecuting Attorney, for the minor children.
Farley & Chase (by William R. Farley) and Legal Aid of Western Michigan (by Leslie C. Curry) for respondent.
*275 PER CURIAM:
Probate court orders terminating parental rights may be appealed to the Court of Appeals. MCL 600.861(c)(ii); MSA 27A.861(c)(ii). The issue in this case is whether the Court of Appeals must use a clearly erroneous standard of review or, alternatively, whether de novo review is appropriate. In the present case, the Court of Appeals used the clearly erroneous standard and affirmed the probate court's decision to terminate the respondents' parental rights. In adopting that standard, it also certified, pursuant to Administrative Order No. 1984-2, that its choice of review standards conflicted with Bahr v Bahr, 60 Mich App 354; 230 NW2d 430 (1975), lv den 394 Mich 794 (1975). Respondent Betty Cornet has also filed an application for leave to appeal in which she seeks review of that issue and others. We resolve the certified conflict by holding that the Court of Appeals panel in this case chose the correct standard of review.
I
In October of 1981, the respondents' three young children were temporarily placed in foster homes on the basis of allegations of neglect and sexual abuse. An adjudicative hearing was scheduled for December 7, 1981. On that date, the respondents stipulated that the amended petition stated sufficient grounds to establish probate court jurisdiction over the children. MCL 712A.2(b); MSA 27.3178(598.2)(b). In lieu of the anticipated adjudicative phase hearing, the trial court then conducted the dispositional phase hearing. See JCR 8.1.
After hearing the witnesses, the trial judge determined that the children should be made temporary wards of the court. He referred them to the *276 Kent County Department of Social Services, which placed them in a supervised foster home. The court further ordered the respondents to begin treatment programs.
Over the next two years, at least two review hearings were held and several others were scheduled but adjourned by agreement of the parties. During that time, the respondents separated, and the father left the state and moved to Mississippi. The mother, the only appellant in this case, remained in Michigan and participated in the treatment programs. Though she made some progress, all persons who evaluated her were convinced that she would be unable to properly care for these children.[1] Seeing no significant progress after more than two years of temporary wardship, the petitioner asked the probate court to terminate the respondents' parental rights.
A hearing on that petition was held on March 5, 1984. After hearing the evidence, the trial judge granted the petition on the basis of MCL 712A.19a(f); MSA 27.3178(598.19a)(f).[2] The judge made detailed findings as required by JCR 14. Further, as required by JCR 8.3(b), he found that the allegations in the petition had been established by "clear and convincing evidence."
The respondent mother appealed that decision to the Court of Appeals, which affirmed the termination in an unpublished per curiam opinion. Before reaching the merits, however, the Court of Appeals addressed an issue not directly raised by the *277 respondent. It acknowledged a split in decisions by the Court of Appeals on the question whether parental rights cases should be reviewed de novo or by a clearly erroneous standard of review. It opted for the latter standard and cited as authority In re Irving, 134 Mich App 678; 352 NW2d 295 (1984). However, it also certified that its reliance on Irving, placed it in conflict with Bahr v Bahr, supra.
II
We hold that the appropriate standard of review is the clearly erroneous standard used in this case and in Irving. Subsequent Court of Appeals decisions have interpreted Bahr as requiring de novo review when a parent appeals a probate court decision to terminate parental rights. See, e.g., In re Mudge, 116 Mich App 159; 321 NW2d 878 (1982), lv den 417 Mich 963 (1983), and In re Schejbal, 131 Mich App 833; 346 NW2d 597 (1984). To eliminate any possible confusion, we hold that, in the absence of any statute requiring de novo review, a probate judge's findings in proceedings to terminate parental rights must be reviewed under the clearly erroneous standard.
This holding is consistent with the general rules for appeals from probate court to the Court of Appeals.
MCL 600.866(1); MSA 27A.866(1) provides:
All appeals from the probate court shall be on a written transcript of the record made in the probate court or on a record settled and agreed to by the parties and approved by the court. An appeal shall not be tried de novo.

Of course, there is a difference between a de *278 novo trial and a de novo review. Therefore, the quoted statute does not necessarily require the use of a clearly erroneous review standard in all appeals from probate court. However, use of the clearly erroneous standard is also suggested by MCL 600.866(3); MSA 27A.866(3), which provides:
Except as otherwise provided in sections 861 to 866,[[3]] appeals from the probate court or a judge thereof shall be governed by supreme court rule.
We adopted new court rules while this appeal was pending. Both the former and present rules provide that findings of fact by a trial judge may not be set aside unless the findings are clearly erroneous. See former GCR 1963, 517.1 and present MCR 2.613(C).[4]
Tuttle v Dep't of State Highways, 397 Mich 44, 46; 243 NW2d 244 (1976), explained the proper application of the clearly erroneous review standard.
[A]n appellate court will set aside the findings of fact of a trial court sitting without a jury when such findings are clearly erroneous. In construing comparable "clearly erroneous" language in Rule 52(a) of the Federal Rules of Civil Procedure, the United States Supreme Court has stated that "[a] finding is `clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." ... Appropriately, the "judicial sieve" with which we have sifted the evidence in this non-jury case is "of finer mesh than the one correspondingly employed on review" of a jury's verdict.
*279 The Court of Appeals panel in the present case applied the correct standard and reached the correct result by affirming the probate judge's decision to terminate parental rights.
III
In lieu of granting leave to appeal, we affirm the judgments of the Court of Appeals and the Kent Probate Court. MCR 7.302(F)(1). With respect to the respondent's other allegations of error, the application for leave to appeal is denied because we are not persuaded that the questions presented should be reviewed by the Court.
WILLIAMS, C.J., and LEVIN, RYAN, BRICKLEY, CAVANAGH, BOYLE, and RILEY, JJ., concurred.
NOTES
[1] The respondent mother gave birth to another child while these proceedings were pending. That child's status is not at issue in this appeal.
[2] "The child has been in foster care in the temporary custody of the court on the basis of a neglect petition for a period of at least 2 years and upon rehearing the parents fail to establish a reasonable probability that they will be able to reestablish a proper home for the child within the following 12 months."
[3] MCL 600.861; MSA 27A.861 to MCL 600.867; MSA 27A.867.
[4] The applicability of GCR 1963, 517.1 to probate court appeals was uncertain. However, there is no uncertainty about the present applicability of MCR 2.613(C). See MCR 5.001(A).