IN THE MATTER OF SEARS

Docket No. 82151. Submitted January 23, 1986, at Detroit.—Decided April 8, 1986.

The Department of Social Services filed a petition in the Wayne Probate Court-Juvenile Division on September 10, 1984, seeking the termination of the parental rights of respondent, Alice Sears, to three of her minor children. A hearing on the petition was conducted before a referee. Thereafter, the probate court, Y. Gladys Barsamian, J., entered an order terminating respondent's parental rights as recommended by the referee. On the day of the hearing, respondent filed a petition for rehearing. A rehearing was conducted, after which the probate court rejected respondent's allegation of improper service and affirmed the order terminating her parental rights. Respondent appeals from the order denying a rehearing and affirming the order terminating her parental rights. *Held:*

1. Following the hearing on respondent's petition for rehearing, the trial court properly concluded (1) that substituted service by publication was appropriate given respondent's unknown whereabouts and (2) that the notice period of six weeks was sufficient.

2. The fact that one of the notices sent to the respondent eventually found its way to respondent on the day that the hearing was conducted is not sufficient reason to disregard the fact that proper service was otherwise effected by publication.

3. The termination of respondent's parental rights was proper under MCL 712A.19a(b).

4. The presumptive evidence of respondent's abandonment is clear and convincing, and the probate court's findings are not clearly erroneous.

Affirmed.

REFERENCES

Am Jur 2d, Desertion and Nonsupport §§ 1-5, 51-149.

Am Jur 2d, Parent and Child §§ 11, 39, 40.

Validity of state statute providing for termination of parental rights. 22 ALR4th 774.

See also the annotations in the ALR3d/4th Quick Index under Desertion.

1. PARENT AND CHILD — SERVICE OF SUMMONS — SERVICE BY PUBLICA-
      TION.

   The juvenile code provides that service of summons may be made
   anywhere in the state personally by the delivery of true copies
   thereof to the persons summoned and that a judge may order
   service of summons by registered mail addressed to the last
   known address of the person summoned, or by publication
   thereof, or both, as the court may direct, where the judge is
   satisfied that it is impracticable to serve personally such sum-
   mons (MCL 712A.13; MSA 27.3178[598.13]).

2. PARENT AND CHILD — SERVICE OF SUMMONS — SERVICE BY PUBLICA-
      TION.

   It shall be sufficient to confer jurisdiction under the juvenile code
   by service of summons by registered mail or by publication if
   (1) personal service is effected at least 72 hours before the date
   of hearing; (2) registered mail is mailed at least 5 days before
   the date of hearing if within the state or 14 days if outside of
   the state; (3) publication is made once in some newspaper
   printed and circulated in the county in which said court is
   located at least one week before the time fixed in the summons
   or notice for the hearing (MCL 712A.13; MSA 27.3178[598.13]).

3. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — DESER-
      TION — ABANDONMENT.

   The termination of parental rights is proper where the child is
   left with intent of desertion and abandonment by his parent or
   guardian in the care of another person without provision for
   his support or without communication for a period of at least
   six months (MCL 712A.19a[b]; MSA 27.3178[598.19a][b]).

4. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — DESER-
      TION — ABANDONMENT.

   The failure to provide support or to communicate with a child for
   a period of at least six months shall be presumptive evidence of
   the parent's intent to abandon the child; a court may declare
   the child deserted and abandoned if, in the opinion of the court,
   the evidence indicates that the parent or guardian has not
   made regular and substantial efforts to support or communicate
   with the child (MCL 712A.19a[b]; MSA 27.3178[598.19a][b]).

*Neil A. McQuarrie,* for the minor children.

*John D. O'Hair,* Prosecuting Attorney, *Timonthy
A. Baughman,* Deputy Chief, Civil and Appeals,

and *Olga Agnello-Raspa,* Assistant Prosecuting Attorney, for the Department of Social Services.

*Ina G. Zeemering,* for respondent.

Before: M. J. KELLY, P.J., and SHEPHERD and M. R. KNOBLOCK,* JJ.

PER CURIAM. Respondent appeals as of right from a probate court order denying rehearing of a previous order terminating her parental rights to three of her minor children, Lawanda Youtha Sears, born March 20, 1979, Richard Alan Sears, born March 6, 1980, and Robert Anthony Sears, born September 21, 1981. We affirm.

The Department of Social Services filed this petition on September 10, 1984, seeking termination of respondent's parental rights under MCL 712A.19a, subds (b), (e), and (f); MSA 27.3178(598.19a), subds (b), (e), and (f). A hearing on the petition was conducted before a referee on November 15, 1984, at which Mildred Slaughter, a probation officer from Wayne County Juvenile Court, testified that respondent had left her three children with her aunt in 1981. Since that time, respondent failed to have any contact with the children or with the aunt and failed to provide any support for the children.

Respondent's aunt, Betty Jane White, corroborated Slaughter's testimony. She further explained that she and her husband had raised respondent as a child until, at the age of 17, respondent ran away from home. Respondent returned a short time later, pregnant, and remained with White until her first child, James Lee, was born on January 4, 1974. Respondent's parental rights to

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

James were terminated in 1978 and he was subsequently adopted by White.

After James was born, respondent again departed, leaving James with White. She subsequently returned for a short period with a second child, Tommy, who she also left with White. That child is currently being raised by his father, who is not the father of the minor children in the instant case.

In 1978, respondent married and became pregnant. A few months later, she left her husband and returned to her aunt with her third child, Lawanda Youtha. Respondent eventually moved back to her husband, taking Lawanda with her, but again returned to her aunt in 1980 when her husband was jailed. At that time, respondent brought with her Lawanda and a fourth child, Richard Alan. When respondent's husband was released from jail, respondent rejoined him, leaving all four children with White.

In 1981, respondent returned to White a final time, pregnant with her fifth child. Robert Anthony Sears was born in September of 1981 and respondent departed in October of 1981, leaving her children behind. Respondent did assist White in obtaining temporary guardianship over Lawanda, Richard and Robert in November and December of 1981 but White has not had any contact with respondent since that time and has received no support for the care of the children. Respondent did not appear at the hearing.

An order was entered November 20, 1984, terminating respondent's parental rights, as recommended by the referee. On the day of the hearing, respondent filed a petition for rehearing. A hearing was conducted on the petition, after which the probate court rejected respondent's allegation of improper service and affirmed the order terminat-

ing her parental rights, specifically citing MCL 712A.19a, subds (b) and (e); MSA 27.3178(598.19a), subds (b) and (e). The children's father, Bernard Sears, has never participated in these proceedings.

At the time the instant petition was filed, respondent's whereabouts were unknown. Betty Jane White had raised respondent and had custody of her children and had not had any contact with her since late 1981. Months prior to the filing of the petition, the probation officer had attempted to locate respondent through an address provided by White and through addresses obtained from the Detroit Police Department. Letters were sent to three last known addresses in Detroit to no avail. Substituted service was granted and notice was published in the Detroit Legal News on September 20, 1984. The hearing was conducted six weeks later.

The juvenile code provides that:

"Service of summons may be made anywhere in the state personally by the delivery of true copies thereof to the persons summoned: Provided, That if the judge is satisfied that it is impracticable to serve personally such summons or the notice provided for in the preceding section, he may order service by registered mail addressed to their last known addresses, *or by publication thereof,* or both, as he may direct. It shall be sufficient to confer jurisdiction if (1) personal service is effected at least 72 hours before the date of hearing; (2) registered mail is mailed at least 5 days before the date of hearing if within the state or 14 days if outside of the state; (3) *publication is made once in some newspaper printed and circulated in the county in which said court is located at least 1 week before the time fixed in the summons or notice for the hearing."* MCL 712A.13; MSA 27.3178(598.13). (Emphasis added.)

Following the hearing on respondent's petition for rehearing, the trial court properly concluded (1)

that substituted service by publication was appropriate given respondent's unknown whereabouts and (2) that the notice period of six weeks was sufficient. Apparently, the crux of respondent's argument is that she received a letter or document notifying her of the termination hearing on the day the hearing was held. Respondent does not indicate the date posted on the notice and it is undisputed that Slaughter sent out a variety of notices to several addresses as early as July of 1984 in an attempt to make contact with respondent. The fact that one of these notices eventually found its way to respondent on the date that the hearing was conducted is not sufficient reason to disregard the fact that proper service was otherwise effected by publication.

Furthermore, the termination of respondent's parental rights was proper under MCL 712A.19a(b); MSA 27.3178(598.19a)(b), which authorizes such action where:

"The child is left with intent of desertion and abandonment by his parent or guardian in the care of another person without provision for his support or without communication for a period of at least 6 months. The failure to provide support or to communicate for a period of at least 6 months shall be presumptive evidence of the parent's intent to abandon the child. If, in the opinion of the court, the evidence indicates that the parent or guardian has not made regular and substantial efforts to support or communicate with the child, the court may declare the child deserted and abandoned by his parent or guardian."

We agree with the probate court that this is not a typical abandonment case since, in 1981, respondent acted responsibly in recognizing that she was unable to care for her three minor children, in placing them with a responsible adult relative and

in arranging for temporary legal guardianship. We further agree with the probate court that had respondent maintained contact with her children or made any effort to assist White with their support during the three-year period prior to the 1984 hearing, this would not be an appropriate case for termination of parental rights. However, at some point respondent's failure to have anything to do with her children became abandonment and, while that precise moment may be difficult to ascertain, it is clear that the period of abandonment included at a minimum the six months preceding the filing of the petition in this case. We find the presumptive evidence of respondent's abandonment clear and convincing, *In the Matter of Harmon,* 140 Mich App 479, 481; 364 NW2d 354 (1985), and we thus cannot say that the probate court's findings are clearly erroneous. *In re Cornet,* 422 Mich 274; 373 NW2d 536 (1985).

Affirmed.