IN THE MATTER OF KANTOLA

Docket No. 74667. Submitted October 16, 1984, at Marquette.—Decided November 7, 1984.

In 1981, Kristina Kantola and Crystal Carlstrom were temporarily placed in the custody of the Department of Social Services by the Marquette Probate Court. In 1982, a hearing was held on a petition to terminate the parental rights of Dale and Joyce Kantola in the children. The court, Michael J. Andregg, J., ordered the parental rights terminated. Dale and Joyce Kantola appealed. *Held:*

1. The trial court did not err in considering hearsay evidence at the hearing. Admissibility of evidence in the dispositional phase of a hearing to terminate parental rights is limited only by the rules of evidence dealing with relevance and materiality. Neither the requirements of due process nor of clear and convincing evidence prevent admission of hearsay evidence which meets tests of fairness, reliability and trustworthiness.

2. No error was made at the 1981 preliminary hearing by the failure either to take testimony or to find probable cause to proceed. The Juvenile Court Rules make no such requirements.

3. The probate court may terminate parental rights in a child only where there is clear and convincing evidence that such action is warranted. The findings of the court were not clearly erroneous.

4. The fact that the court returned to the Kantolas another child who had been under the court's jurisdiction is not dispositive of the issue with regard to Kristina and Crystal.

Affirmed.

1. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — EVIDENCE — HEARSAY — JUVENILE COURT RULES.

Admissibility of evidence in the dispositional phase of a hearing

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5] 30 Am Jur 2d, Evidence § 1094.

  59 Am Jur 2d, Parent and Child § 43.

[2-5] 59 Am Jur 2d, Parent and Child §§ 39, 42.

  Validity of state statute providing for termination of parental rights. 22 ALR4th 774.

to terminate parental rights is limited only by the rules of evidence dealing with relevance and materiality; therefore, hearsay evidence is admissible in the dispositional phase (JCR 1969, 8.3[b]).

2. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — DUE PROCESS — EVIDENCE — HEARSAY.

Due process requires that parental rights not be terminated unless the state proves by clear and convincing evidence that such termination is warranted; however, neither the requirement of due process nor the requirement of clear and convincing evidence prevents admission of hearsay evidence which meets tests of fairness, reliability and trustworthiness.

3. PARENT AND CHILD — PRELIMINARY HEARINGS — JUVENILE COURT RULES.

Juvenile Court Rule 4.2[b][6] does not require with respect to a preliminary hearing the swearing of witnesses, the taking of testimony or the finding of "probable cause" (JCR 1969, 4.2[b][6]).

4. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — JUVENILE COURT RULES.

The probate court may terminate parental rights in a child only where there is clear and convincing evidence that such action is warranted (MCL 712A.19a; MSA 27.3178[598.19a]; JCR 1969, 8.3[b]).

5. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — EVIDENCE.

Evidence of how a parent treats one child may be probative and admissible in proceedings to terminate parental rights in another child, but it is not conclusive or automatically determinative.

*David L. Poindexter,* for the minor children.

*Gary L. Walker,* Prosecuting Attorney, and *Karyn A. Kirkpatrick,* Assistant Prosecuting Attorney, for the Department of Social Services.

*F. Gregory Murphy,* for respondents Dale and Joyce Kantola.

Before: ALLEN, P.J., and R. B. BURNS and R. M. MAHER, JJ.

PER CURIAM. Respondent parents appeal as of right from the September 30, 1983, order of the Marquette Probate Court terminating their parental rights in their two daughters, Kristina and Crystal, pursuant to MCL 712A.19a, subds (e) and (f); MSA 27. 3178(598.19a), subds (e) and (f).

Respondents first argue that the admission of hearsay evidence during the hearing to terminate parental rights and the trial court's reliance on that hearsay in ordering termination resulted in a denial of their due process rights. A hearing to terminate parental rights is within the dispositional phase of the proceedings, *In the Matter of Rebecca Oakes,* 53 Mich App 629; 220 NW2d 188 (1974); *In the Matter of Taurus F,* 415 Mich 512; 330 NW2d 33 (1982), *reh den* 417 Mich 1104 (1983), *app dis* — US —; 104 S Ct 323; 78 L Ed 2d 296 (1983), and, as such, is governed by JCR 1969, 8.3(b). That rule provides that relevant and material evidence may be considered by the judge. Thus, there is no bar to the admission and consideration of hearsay evidence during the dispositional phase. *In the Matter of Hinson,* 135 Mich App 472; NW2d (1984). The *Hinson* Court also considered a due process challenge to the admission of hearsay evidence and found it admissible where the evidence met the tests of fairness, reliability, and trustworthiness. We find no error in the admission of the challenged testimony nor do we find that the probate court erroneously considered such evidence. Moreover, the opinion of the court reveals that ample evidence, apart from any hearsay evidence, supported the termination order.

Next, respondents claim that the probate court proceedings were void *ab initio* because the court failed to take testimony at the September 10, 1981, preliminary hearing. Because the children had already been taken into custody, JCR 1969, 4.2

mandated that a preliminary hearing be held. Contrary to respondents' claim, JCR 1969, 4.2(b)(6) does not require a finding of "probable cause" and does not require the swearing of witnesses and the taking of testimony. The preliminary hearing precedes the adjudicative hearing where it is determined whether the child comes within the jurisdiction of the probate court and is not a substitute for a full hearing on the substance of the complaint.

The purpose of this preliminary hearing is to "determine whether the interests of the public or of a child require that further action be taken". MCL 712A.11; MSA 27.3178 (598.11). If the court determines that formal jurisdiction should be acquired, a petition is then authorized.

Our review of the preliminary hearing transcript reveals that the requirements of JCR 1969, 4.2 were met. Although the parents denied the allegations contained in the complaint, the probate judge found, and we agree, that the contents of the complaint and the offer of proof by the prosecutor provided sufficient grounds for the authorization for the filing of a petition. The language of JCR 1969, 4.2(b)(6) is fashioned in discretionary terms and indicates that the judge *"may* adjourn the preliminary hearing for the taking of testimony". (Emphasis added.) This language may be contrasted to the language of JCR 1969, 8.2(e) which establishes the conduct of proceedings on the formal calendar and explicitly provides for the swearing of witnesses and indicates that the judge, at those proceedings, is to decide the issues upon "statements and proofs properly and legally presented".

We find nothing in the language of JCR 1969, 4.2(b)(6) which mandates the taking of any testimony or which requires the prosecution to call its witnesses for the purpose of giving testimony.

Rather, it appears that the rule allows the probate judge, in his discretion, to hear testimony from the parties or other witnesses to aid in making the determination of whether to authorize the filing of a petition. Clearly, a preliminary hearing does not constitute a final or binding resolution of the issues contained in the complaint or petition. Instead, the purpose is to determine if further action, perhaps in the nature of assumption of jurisdiction, might be warranted. The record establishes that grounds for authorizing a petition were demonstrated. The failure to require the prosecution to produce its witnesses was therefore not error.

The probate court found clear and convincing evidence to terminate respondents' parental rights based upon MCL 712A. 19a, subds (e) and (f); MSA 27.3178(598.19a), subds (e) and (f). Those sections provide for termination where:

"(e) The parent or guardian is unable to provide a fit home for the child by reason of neglect.

"(f) The child has been in foster care in the temporary custody of the court on the basis of a neglect petition for a period of at least 2 years and upon rehearing the parents fail to establish a reasonable probability that they will be able to reestablish a proper home for the child within the following 12 months."

The quantum of neglect necessary to justify termination of parental rights pursuant to subsection (e) is not capable of precise or exact definition. An order permanently terminating parental rights must be based upon circumstances which "establish or seriously threaten neglect of the child for the long-run future". *Fritts v Krugh,* 354 Mich 97, 114; 92 NW2d 604 (1958). Subsection (f) indicates that termination may be ordered when the parents fail to establish a reasonable probability that they

will be able to restablish a proper home after the child has been under the jurisdiction of the probate court for at least two years based on a neglect petition. The burden of going forward with evidence resides with the parents. *In the Matter of LaFlure,* 48 Mich App 377; 210 NW2d 482 (1973), *lv den* 390 Mich 814 (1973). Regardless of the statutory basis for the order, it is clear that termination may not be ordered unless there is clear and convincing evidence that such action is warranted. JCR 1969, 8.3(b); *In the Matter of LaFlure, supra.* We find that the findings of the probate court are not clearly erroneous and, thus, we affirm the termination of respondents' parental rights. *In the Matter of Irving,* 134 Mich App 678; 352 NW2d 295 (1984).[1]

Respondents place great weight upon the fact that another child, who had been under the jurisdiction of the probate court on the basis of a subsequent neglect petition, had been returned to their care and discharged from the court's jurisdiction. Although evidence of how parents treat one child may be probative of their treatment of another, *In re Dittrick Infant,* 80 Mich App 219; 263 NW2d 37 (1977), such evidence is not conclusive or automatically determinative. A review of the record illustrates that the respondents' son was the "favored" child and did not suffer the abuse which was inflicted upon his sisters. While evidence was brought forth to substantiate the sexual, emotional, physical and verbal abuse inflicted upon the

---

[1] While various panels of this Court have indicated that the standard of review in a parental termination case is unclear, *In the Matter of Bailey,* 125 Mich App 522; 336 NW2d 499 (1983), *In the Matter of Mudge,* 116 Mich App 159; 321 NW2d 878 (1982), *lv den* 417 Mich 963 (1983), and at least one panel has indicated that a *de novo* standard of review is to be applied, *In the Matter of Schejbal,* 131 Mich App 833; 346 NW2d 597 (1984), we agree that the "clearly erroneous" standard of review is appropriate. See, *Irving, supra.*

two female children, there were no comparable allegations of either sexual or physical abuse of the male child. We agree with the probate court that, although respondents may be able to provide a fit home for their son, there continued to be a significant risk of recurring abuse to and neglect of respondents' daughters.

At the time of the hearings to terminate parental rights, the two children had been in temporary foster care for two years. During this time period, respondents engaged in some counseling and attended classes. Numerous services were made available to respondents. While the court noted that some progress had initially been made, a significant amount of regression had occurred. Respondent father had not made a sustained effort to attend counseling to deal with the problem of sexual abuse and did not follow up on outpatient substance abuse counseling. Moreover, he had not made much progress in resolving the issues which necessitated the counseling in the first instance. Similarly, respondent mother had attended counseling sessions and had availed herself of the services of a parent aide. Again, the record establishes that she continued to have difficulty applying the techniques she had been taught. Even more troubling was her denial of the seriousness of the sexual abuse problem. In conclusion, the court noted the problems and difficulties which the children were facing and dealing with as a result of their family background. After hearing extensive testimony and observing the various parties and witnesses, the trial judge found that clear and convincing evidence to terminate respondents' parental rights had been presented. We agree.

Affirmed.