# STATE OF MICHIGAN

# COURT OF APPEALS

In re A. SMITH, Minor.

UNPUBLISHED
March 27, 2018

No. 339061
Berrien Circuit Court
Family Division
LC No. 2015-000005-NA

Before: O'CONNELL, P.J., and HOEKSTRA and SWARTZLE, JJ.

HOEKSTRA, J (*dissenting*).

I respectfully dissent from the majority's decision to affirm the termination of respondent's parental rights. Considering the trial court's discussion of AS's best interests, I believe that the trial court failed to adequately articulate findings to support the conclusion that termination was in the child's best interests. Therefore, I would vacate the trial court's decision and remand for reconsideration of AS's best interests.

"[T]he trial court has a duty to determine, by a preponderance of the evidence, that termination is in the child's best interests before it can terminate parental rights." *In re England*, 314 Mich App 245, 253; 887 NW2d 10 (2016) (quotation marks and citation omitted). When determining a child's best interests, the trial court should weigh all the evidence available and consider "a wide variety of factors." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). This Court reviews the trial court's best interests determination for clear error. *In re JK*, 468 Mich 202, 209; 661 NW2d 216 (2003). "A finding is 'clearly erroneous' if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009).

In this case, respondent is guilty of egregious crimes toward his daughter, TP, and it is easy to conceive of many reasons why his parental rights should also be terminated with regard to AS. However, the role of the Court of Appeals is not to find facts; rather, we are tasked with reviewing the findings of the trial court. See *In re Krupa*, 490 Mich 1004; 807 NW2d 708 (2012); *Bean v Directions Unlimited, Inc*, 462 Mich 24, 34 n 12; 609 NW2d 567 (2000); *People v Dixon-Bey*, 321 Mich App 490, 529; __ NW 2d __ (2017). When I consider the trial court's discussion of AS's best interests, I cannot conclude that the trial court articulated findings to support the conclusion that termination is in AS's best interests. See generally *In re R J K*, 501 Mich 867; 901 NW2d 398 (2017). Specifically, the trial court stated its best interests findings as follows:

-1-

The Court does believe that the prosecutor has met their burden [of] proof as it relates to the best interest of the minor child by a preponderance of the evidence given the convictions, given the degree of I think sadness and fear and stress and anxiety that was testified to that [the minor child] is still in counseling, and anticipated to continue counseling, to address those issues, and primarily again for his protection, to preclude barring any now unknown tragedy to occur for the [child's mother]. While hoping not, the Court has no control over that whatsoever, none of us do. And, again, absent a termination of parental rights, [respondent] would remain, poised to be, the legal parent for this minor child, which the Court being fully persuaded by the preponderance of the evidence, does not believe it's in his best interests, as supported equally by that of the foster care specialist and the guardian ad litem . . . . For all of those reasons the Court does believe that the prosecutor has met their burden of proof.

Considering the trial court's stated reasons, first, much of the trial court's best interests analysis—indeed the trial court's primary reason for its best interests conclusion—focuses on the speculative possibility that at some unidentified time in the future, the minor child's mother might possibly face some "unknown tragedy" and become unable to care for the child, thereby leaving the child in respondent's sole care. Notwithstanding the trial court's doomsayer predictions, there is nothing in the record to suggest that the child's mother might become unavailable as a caregiver and I find it inappropriate to evaluate AS's best interests based on the hypothetical possibility that his mother might die before AS reaches his majority.[1] This primary basis for the trial court's decision does not support the conclusion that termination is in AS's best interests.

Second, to the extent that the trial court focused on AS's participation in counseling, I fully acknowledge that a parent's abuse of a sibling can have emotional and psychological effects on all the children in the family, and it is appropriate to consider emotional harm when evaluating a child's best interests. See, e.g., *In re Hudson*, 294 Mich App 261, 269; 817 NW2d 115 (2011). But, it does not follow that every time a child is in counseling it is the child's best interests to have parental rights terminated. In this case in particular, AS's counselor testified that the child's anger, anxiety and sadness being addressed in counseling arose from respondent "not being present in his life." The obvious question in these circumstances is whether respondent's continued absence from AS's life is in his best interests or whether respondent's reintroduction into the child's life would alleviate the emotional trauma that arose from his absence. Perhaps there is a reason why the child's participation in counseling should be weighed

---

[1] To the extent respondent argues that the trial court erred by failing to weigh AS's placement with his mother against termination, I agree with the majority that the trial court was not obligated to consider the child's placement with his mother as a factor weighing against termination because AS's biological mother is not a "relative" for purposes of MCL 712A.19a(8)(a). See MCL 712A.13a(1)(j); *In re Schadler*, 315 Mich App 406, 413; 890 NW2d 676 (2016) ("[B]ecause [the child's] biological mother was not a 'relative' for purposes of MCL 712A.19a, the trial court was not required to consider that relative placement.").

in favor of termination. But, from the trial court's cursory reference to counseling, I fail to understand how the child's best interests, insofar as he is in counseling, will be served by termination when the evidence indicates that it was respondent's absence from the child's life that led to counseling.

Finally, in its best interests analysis the trial court also referenced respondent's "convictions" and the need for the child's "protection." From the trial court's best interests analysis, it is not clear whether the trial court had concerns regarding AS's protection generally or only in the event that the child's mother died. AS's safety would be a proper and important factor in evaluating AS's best interests, *In re VanDalen*, 293 Mich App 120, 142; 809 NW2d 412 (2011); but, the trial court's best interests findings do not adequately explain the trial court's concerns regarding AS's safety. In this regard, I note that, in August 2015, the trial court determined that respondent sexually abused TP, but nevertheless concluded that termination was not in AS's best interests because AS was not a target[2] of respondent's abuse and respondent remained married to AS's mother, who wanted to preserve the family relationship. If the trial court now believes that AS's best interests are served by termination because AS is at risk and in need of protection, the trial court should have made that point clear and explained its reasoning.[3] Further, while respondent now has criminal convictions as compared to 2015 when he had merely been accused of sexual abuse, I fail to see the significance of these convictions from the trial court's best interests analysis given that the trial court concluded during the child protective proceedings in 2015 that respondent had sexually abused TP. In other words, as far as the trial court was concerned, respondent was guilty of abusing TP in 2015 and he is guilty now. How does the fact of "convictions" affect AS's best interests? Ultimately, in my judgment, the trial court's cursory best interests analysis does not provide an adequate record on which to conclude that termination of respondent's parental rights was in AS's best interests. In these circumstances, I would vacate the trial court's best interests analysis and remand for reconsideration of AS's best interests.

/s/ Joel P. Hoekstra

---

[2] "Although evidence of how parents treat one child may be probative of their treatment of another, such evidence is not conclusive or automatically determinative." *Matter of Kantola*, 139 Mich App 23, 28; 361 NW2d 20 (1984) (citation omitted).

[3] Circumstances may well have changed since 2015, and I do not suggest that the trial court is bound by its best interests determination in August 2015. There certainly may be reasons why it is AS's best interests to terminate respondent's parental rights at this time. But, the trial court's conclusory best interests analysis does not adequately explain those reasons.