*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLISHED
October 23, 2024
9:50 AM

*In re* PITTMAN/SANDERS, Minors.

No. 368452
Wayne Circuit Court
Family Division
LC No. 2023-000011-NA

Before: GADOLA, C.J., and O'BRIEN and MALDONADO, JJ.

MALDONADO, J. (*dissenting*).

The doctrine of anticipatory neglect does not give courts license to automatically terminate a parent's rights to other children. Therefore, I believe that DHHS's and the trial court's failure to individually consider the three younger children mandates that we reverse its order terminating respondent's parental rights to them.

At the outset, it should be made clear that what respondent did to MMH was horrendous, and I do not want to downplay the severity of his wrongdoing. However, this case involves three children who were completely overlooked. The statute requires a proper examination of the needs of each child before termination of parental rights, which was not done here. See MCL 712A.19b(3)(b), (g), (j), (k).

## I. ANTICIPATORY NEGLECT

"The doctrine of anticipatory neglect recognizes that how a parent treats one child is certainly *probative* of how that parent may treat other children. . . . However, the probative value of such an inference is decreased by differences between the children, such as age and medical conditions." *In re Kellogg Minor*, 331 Mich App 249, 256, 259; 952 NW2d 544 (2020) (quotation marks, citation, and alteration omitted). "Although evidence of how parents treat one child may be probative of their treatment of another, such evidence is not conclusive or automatically

-1-

determinative." *In re Kantola/Carlstrom Minors*, 139 Mich App 23, 28; 361 NW2d 20 (1984) (citation omitted).[1]

Right from the get-go, the petition filed regarding the three younger children offered no information about them save for their names and ages; it is entirely about the sexual abuse perpetrated against the oldest child. A second petition contained vague allegations that respondent abandoned ECP and CTS but nothing regarding CMP. At the termination hearing, the only testimony pertaining to these three children was that respondent's interactions with them during supervised parenting time were "appropriate" and that the children were "very interactive with" respondent. When the caseworker who filed the petition on behalf of the three younger children was asked to describe the risk respondent posed to them, she said: "Definitely if there is findings [sic] of a sexual abuse [sic] for [MMH] then that would be an issue for the rest of the children . . . So it would be the sexual abuse and threatened harm with them as well." Outside of positive feedback regarding his interactions with them during parenting time, the caseworker offered no facts regarding the three younger children. Further, MMH testified that this was the only instance of abuse by respondent; while one is far too many and clearly establishes statutory grounds with MMH, this is certainly probative of the risk respondent poses to the other children. Moreover, there are noteworthy differences with the other children in that they have a different mother, there is no evidence respondent ever abused them, they are significantly younger than MMH, and the youngest is a boy. Simply put, DHHS fell far short of meeting its burden of establishing that there was a reasonable likelihood that respondent would abuse the younger children,[2] that he failed to provide proper care and custody for the younger children,[3] or that there was a reasonable likelihood of harm if the younger children were returned to respondent's care.[4] The trial court's findings were likewise deficient. The court "found [MMH] to be enormously credible" but then made no findings with respect to the younger children.

The same mistakes were made during the best-interests phase of the proceedings. The only testimony regarding the younger children was that their interactions were appropriate and that they were "always excited to see him." Respondent testified that he would participate in services and be open to making changes. Moreover, the court stated that it was unable to discern whether the abuse perpetrated against MMH "was for his sexual gratification or some method of discipline"; were it the latter, this would suggest susceptibility to rehabilitation such that he could potentially be a safe parent to the other three. Once again, the court made no findings regarding the three younger children.

---

[1] While this Court is "not *strictly required* to follow uncontradicted opinions from this Court decided before November 1, 1990," these opinions are "considered to be precedent and entitled to significantly greater deference than are unpublished cases." *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018).

[2] See MCL 712A.19b(3)(b)(*i*).

[3] See MCL 712A.19b(3)(g). Regarding this ground, the court also failed to make any findings regarding respondent's financial ability to support the children.

[4] See MCL 712A.19b(3)(j), (k).

I have no sympathy for respondent, who placed himself and all of his children in this situation by perpetrating an unthinkable act of abuse against his eldest child. However, the other three children have a right to be cared for by their father. In this case, these three children were completely ignored. Once it was determined that respondent abused one child, the book was closed on the other three. DHHS and the court had their minds made up that respondent could not be a safe parent for any of his children, and the other three became a footnote in this case. There was no investigation into their needs, their relationships with their father, or respondent's potential to be rehabilitated so as to give these children the care to which they are entitled. Simply put, these children, their needs, and their rights were ignored. MMH had a thorough investigation, and her needs were rightly at the forefront of her case. CTS, CMP, and ECP deserved the same due diligence.

## II. CONCLUSION

The doctrine of anticipatory neglect is a critical tool available to courts for the protection of children from abuse. However, it does not shed the courts and DHHS of their obligation to exercise due diligence with respect to the needs and risks of every single child. Because the trial court failed to follow the law by individually examining the needs of each child, I would reverse.


/s/ Allie Greenleaf Maldonado